# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2071
_____

United States of America

*Plaintiff - Appellee*

v.

Michelle Rae Simmermaker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 19, 2021
Filed: June 1, 2021

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Michelle Simmermaker was indicted for possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court[1] denied

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

her motion to suppress evidence seized from her lockbox. She pleaded guilty and now appeals the denial of her motion. We affirm.

## I.

Police officers executed a search warrant of a home in Tipton, Iowa that belonged to W.S., someone familiar to the officers through drug investigations. The search warrant request indicated that officers were told that "known drug users" were "coming and going from the residence." D. Ct. Dkt. 32-1 at 5. The warrant authorized a search of the house and of W.S. It also authorized the search of items related to drug trafficking and "locked containers, safes, hidden compartments or other items or areas capable of storing or concealing any of the other items listed herein." D. Ct. Dkt. 31-2 at 1.

During the search, officers found Simmermaker asleep on the couch in the living room of the house. Close by on the couch was a meth pipe and a Brink's security lockbox. The keys to the Brink's box were near the box. Officers woke her, handcuffed her, and removed her from the room. Simmermaker told officers she had been staying at the home for a week, but they later learned she had been there for two nights. The officers unlocked the Brink's box and found 10.95 grams of methamphetamine and a digital scale inside. The officers then got a second warrant to search Simmermaker.

Simmermaker was arrested and indicted for a single count of possession of methamphetamine with intent to distribute. She filed a motion to suppress the search of her Brink's box. The magistrate judge recommended suppression because Simmermaker was a guest at the home and the initial search warrant did not encompass her belongings. The district court, while adopting the magistrate judge's factual findings, disagreed and denied the motion to suppress. Simmermaker then pleaded guilty and was sentenced to 37 months in prison. She appeals the denial of her motion to suppress.

"When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Dickerman*, 954 F.3d 1060, 1065 (8th Cir. 2020). The question here is whether the officers violated Simmermaker's Fourth Amendment rights when they searched her Brink's box under the original warrant.

"While possession of a warrant generally justifies searching the effects of those occupying the premises, special Fourth Amendment concerns arise when the persons on the premises are visitors." *Hummel-Jones v. Strope*, 25 F.3d 647, 651 (8th Cir. 1994) (citation omitted). We evaluate "the relationship between the visitor and the place, and whether that relationship is such that it is reasonable for the searchers to believe that the warrant overcomes the visitor's independent Fourth Amendment privacy rights." *Id.* It is undisputed that, at the very least, Simmermaker was more than a mere visitor or passerby.[2] *See Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) ("[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person."); s*ee also United States v. Giwa*, 831 F.2d 538, 545 (5th Cir. 1987).

So, was Simmermaker's lockbox within the scope of the warrant? A visitor's privacy interest is complicated when the visitor is connected to the illegal activity at the location that creates the basis for the search warrant. *See United States v. Clay*, 640 F.2d 157, 161–62 (8th Cir. 1981) (noting that a frisk of a visitor may be reasonable if the officer had suspicion that the visitor was "involved in the criminal activity that constituted the basis of the issuance of the warrant.").

---

[2]The parties dispute whether Simmermaker was an overnight guest. But the facts here establish that she had a reasonable expectation of privacy.

We dealt with similar facts in *United States v. Cowan*, 674 F.3d 947, 951 (8th Cir. 2012). There, officers were executing a drug trafficking search warrant on an apartment and witnessed Cowan running from one room to another. *Id.* Officers frisked Cowan, who gave them information linking him to the drug conspiracy they were investigating. *Id.* We held that the officers had "particularized suspicion" that Cowan was involved in the drug trafficking because he was present in the apartment, ran from the officers when they entered the apartment, and told them he was from Chicago, a "reputed source of the [specific] crack cocaine" being investigated. *Id.* at 954–55.

Here, the search warrant was for evidence of drug use and distribution. Officers saw Simmermaker on the couch, asleep, with a meth pipe next to her. "[K]nown drug users" were in and out of the house often. D. Ct. Dkt. 32-1 at 5. This was enough to give officers "particularized suspicion" that Simmermaker was connected to the illicit activity that provided the basis for the warrant. *Cowan*, 647 F.3d at 954–55. It follows that her personal belongings—including the Brink's box—would be subject to the warrant, especially because the warrant included all "locked containers." D. Ct. Dkt. 32-1 at 1. While Simmermaker had a reasonable expectation of privacy in the Brink's box, officers had probable cause that she was involved in the criminal activity that formed the basis for the warrant. Simmermaker's Brink's box fell within the scope of the warrant and searching it was lawful.

III.

The judgment of the district court is affirmed.

_____